Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50234 | **DATE** | May 10, 2001 |
| **CASE TITLE** | KELLY v. LAMINATED | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for leave to file a second amended complaint is granted. Enter Memorandum Opinion and Order. Plaintiff has until May 17, 2001, to file his amended complaint. Defendant has until June 7, 2001, to respond to the amended complaint.

(11) ■ [For further detail see attached order.]

|  | No notices required, advised in open court. | | | |
|---|---|---|---|---|
|  | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 10 2001 | |
|  | Notified counsel by telephone. | | date docketed | |
|  | Docketing to mail notices. | | docketing deputy initials | |
|  | Mail AO 450 form. | | | |
|  | Copy to judge/magistrate judge. | | | |
| TML | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

DOCKETED
MAY 10 2001
FILED-WD
01 MAY 10 PM 2:54
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **RICHARD B. KELLY,** | ) |
| **Plaintiff,** | ) Case No. 99 C 50234 |
| v. | ) Philip G. Reinhard |
| | ) P. Michael Mahoney |
| **LAMINATED PRODUCTS, INC. and CHRIS A. HORNBY,** | ) |
| **Defendant.** | ) |

### Memorandum Opinion and Order

On March 5, 2001, Plaintiff sought leave of this court to file a Second Amended Complaint. Defendants objected to the filing and were permitted to file a written opposition to Plaintiff's motion. Plaintiff's initial complaint was filed on July 26, 1999, and alleged that Defendant Hornby, as Laminated's agent, negligently operated his motor vehicle and Defendant Laminated's, negligent hiring of Hornby resulted in severe injury to Plaintiff. (Complaint, Counts I-III, filed 7/26/99). Plaintiff now seeks to add a further allegation against Laminated, Count IV, for wilfull and wanton conduct. In Count IV, Plaintiff alleges that Laminated received an unsatisfactory rating during a 1988 safety audit performed by the U.S. Dept. of Transportation. (Second Amended Complaint, ¶ 28). Plaintiff further alleges that in spite of that rating, Laminated continued to adhere to corporate policies that violated the Federal Motor Carrier Safety Regulations (FMCSR). (Second Amended Complaint, ¶ 29). Finally, in support of his claim for punitive damages, Plaintiff alleges both pre-incident and post-incident conduct by Laminated that demonstrates a wilfull and wanton disregard for the public's safety. (Second Amended Complaint, Count IV). In support of his motion, Plaintiff claims that evidence revealed during discovery tends to support Plaintiff's new allegations.

Defendants oppose Plaintiff's motion to file the second amended complaint on several grounds. First, Defendants claim that the allegations of Count IV are immaterial and impertinent pursuant to Rule 12(f). Fed. R. Civ. P. 12(f). Defendants argue that the allegations of Count IV do nothing to promote the issues of the theories of liability and are therefore impertinent and immaterial. (Def.'s Objection at 3, filed 4/6/01). As to Defendants' compliance or noncompliance with the FMCSR's, Defendants contend that the 1988 unsatisfactory rating is too far removed in time from the time of the incident to form the basis of a causal nexus. As to post-occurrence actions, Defendants argue that such actions are irrelevant to the issue of Laminated's pre-occurrence negligence. Finally, Defendants claim that Plaintiff has raised a new basis for recovery that is time barred and should be stricken.

Rule 15 provides that pleadings may be amended after a responsive pleading has been filed with leave of the court and that such leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend should be granted liberally in order to ensure that all the issues are before the court, unless such amendment would be futile. *Widell v. Wolf*, 43 F.3d 1150, 1151 (7th Cir. 1994). Defendants' arguments can be characterized as claims that Plaintiff's amendments would be futile due to the various statute of limitations and evidentiary issues raised. This court believes that such objections are more appropriately raised in a motion to dismiss, a motion in limine or a motion for summary judgment when they can be addressed in a more concise manner. Additionally, Defendants' statute of limitations defense is premature and should be put forth in a response to Plaintiff's complaint. *See* Fed. R. Civ. P. 12. Further, the Seventh Circuit has stated that "leave to amend need not be given if there is an apparent reason not to do so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 914 (7th Cir. 1999) (citing *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998)). Defendant has not demonstrated that permitting Plaintiff to amend his complaint will result in undue delay or prejudice. Plaintiff points out in his motion that all of the allegations contained in the amended complaint are based on facts that have already been disclosed in discovery. Discovery is scheduled to close in this case on June 29, 2001. There is no indication that that deadline will not be met if Plaintiff is allowed to amend his complaint.

**CONCLUSION**

For the above reasons it is ordered that Plaintiff's motion for leave to file a second amended complaint be granted. Plaintiff has until May 17, 2001, to file his amended complaint. Defendant has until June 7, 2001, to respond to the amended complaint.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/10/01

3